NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3467
_____

UNITED STATES OF AMERICA

v.

MICHAEL VELEZ,

Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 08-cr-00389-001)
District Judge:  Hon. Peter Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
November 15, 2011

BEFORE:  FUENTES, CHAGARES, *Circuit Judges*, RESTANI, *Judge*[*]

(Opinion Filed: December 13, 2011)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*.


_____

[*]     Honorable Jane A. Restani, Judge of the United States Court of International
Trade, sitting by designation.

1

Appellant Michael Velez appeals his conviction and sentence of 63 months' imprisonment. The sole issue on appeal is whether the District Court committed procedural error when it added three additional criminal history points for a 1994 Pennsylvania state court conviction. We conclude that it did not.

## I.

Because we write solely for the parties, we discuss only facts relevant to our conclusion. Velez pled guilty to a one count information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

In calculating his criminal history category, the District Court included, over defense counsel's objection, three points from a 1994 conviction. In 1994, Velez pled guilty to a charge of forgery-altered writing in violation of 18 Pa. C.S. § 4101(A)(1) in the Pennsylvania Court of Common Pleas. He was sentenced to four years probation. One year later, Velez violated probation and the court revoked his probationary sentence. It then resentenced him to imprisonment "for not less than time served and no more than 23 months." JA99. The judge also sentenced him to 2 years' probation.

At sentencing, the District Court determined that Velez's total offense level was 22 and he had a criminal history category of V. The District Court sentenced him to 63 months' imprisonment, which fell within the Guideline range as calculated. Velez timely appealed.[1]

## II.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a).

We review the District Court's interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Navarro*, 476 F.3d 188, 191 (3d Cir. 2007). The District Court's application of the Guidelines to the facts is reviewed for abuse of discretion. *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006).

In reviewing a criminal sentence, we employ a two-step process. *United States v. Fumo*, 655 F.3d 288, 308 (3d Cir. 2011). First, we review for procedural errors, such as "failing to make a correct computation of the Guideline range." *Id.* If there is no procedural error, we then review it for substantive unreasonableness and will affirm unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant." *Id.*

### III.

Under the sentencing Guidelines, three points are added "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1. A "sentence of imprisonment" is defined as "a sentence of incarceration and refers to the maximum sentence imposed." *Id.* § 4A1.2(b)(1). This excludes any portion of a sentence which is suspended. *Id.* § 4A1.2(b)(2).

Here, Velez argues that the sentence he received for his 1994 conviction was time served and the remaining months were suspended. We do not agree. There is no evidence in the record that the judge intended to suspend any portion of the sentence. *See United States v. Frias*, 338 F.3d 206, 212 (2003)(a suspended sentence is one where "the sentencing judge [] mak[es] a firm decision at the time of sentencing regarding the amount of imprisonment imposed.") Rather, the record shows that the Pennsylvania

3

judge sentenced Velez to an indeterminate sentence with a minimum term of imprisonment as time served and a maximum of 23 months. Because the maximum sentence that Velez could have served was 23 months, the District Court did not commit procedural error when it included this conviction in calculating Velez's criminal history category. Velez makes no argument that the District Court's Guideline sentence was substantially unreasonable and we see no basis upon which to conclude otherwise.

IV.

Because the District Court neither procedurally erred nor imposed a sentence that was substantially unreasonable, we will affirm the District Court's order and sentence.

4